

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. Kennedy
County Attorney
Bee County
Beeville, Texas

Dear Sir:

Opinion No. O-2010
Re: May the Commissioners' Court
employ an architect who will
probably employ the son of
the County Judge?

Your recent request for an opinion of this department on the above-stated question has been received.

Your letter reads as follows:

"The Commissioners' Court of Bee County contemplates making an addition to the court house and repairing the building generally. To do this work they will need the services of an architect. They want to employ a local architect and give the work to a local man if possible. There are two architects in the town. One is a man of wide experience but now in ill health. The other is a young man, the son of the county judge. The Commissioners' Court wants to employ the elderly gentlemen as its architect on this work but it is known by all concerned that in all probability if he is employed he will call on the young architect, who as stated is the son of the county judge, to assist him.

"The Commissioners' Court would appreciate it if you would advise them whether, under these circumstances, it would be a violation of the law to employ the architect stated. The question arises, of course, by reason of the fact that the young architect is the son of the county judge. Your opinion on the matter would be appreciated."

Honorable O. Kennedy, Page 2

Articles 432 and 433 of the Penal Code, read as follows:

"Article 432. No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

"Article 433. The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of Representatives, Railroad Commissioners, head of departments of the State government, judges and members of any and all Boards and courts established by or under the authority of any general or special law of this State, member of the Legislature, mayors, commissioners, recorders, aldermen and members of school boards of incorporated cities and towns, public school trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries. This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions."

Article 434 of the Penal Code provides:

"No officer or other person included within any provision of this law shall appoint or vote

Honorable O. Kennedy, Page 3

for appointment or for confirmation of appoint-
ment to any such office, position, clerkship,
employment or duty of any person whose services
are to be rendered under his direction or control
and to be paid for, directly or indirectly out of
any such public funds or fees of office, and who
is related by affinity within the second degree
or by consanguinity within the third degree to
any such officer or person included within any
provision of this law, in consideration, in whole
or in part, that such other officer or person has
theretofore appointed, or voted for the appointment
or for the confirmation of the appointment, or
will thereafter appoint or vote for the appoint-
ment, or for the confirmation of the appointment
to any such office, position, or clerkship, em-
ployment or duty of any person whomsoever related
within the second degree by affinity or within
the third degree by consanguinity to such officer
or other person making such appointment."

Under the above mentioned statutes no officer of
the State or any municipal subdividion thereof, nor any of-
ficer or member of any State or municipal board, shall ap-
point, or vote for, or confirm the appointment to any of-
fice or employment, of any person related within certain
specified degrees to him or to any other member of such
board, where the compensation of such person is to be paid
out of public funds or fees of office of any kind whatso-
ever. Evasion of nepotism by trading and approval of ac-
counts or the drawing of warrants to pay the compensation
of any ineligible officer or person, are also dealt with.
The statute provides also for the punishment of any person
who violates any of its provisions.

If the employment of the county judge's son by
the architect who has been employed by the Commissioners'
Court is not the result of an agreement, express or implied,
between said architect and court, to employ the son of the
county judge, or if in fact there is no subterfuge to do
indirectly what cannot be done directly, there is in no
wise a violation of the terms of the above mentioned stat-
utes. See the case of Ferguson v. Houston Press Co., 1 S.W.
(2d) 337, affirmed in 12 S. W. (2d) 125.

However, as above stated, the employment of the
county judge's son by the architect who has been employed
by the Commissioners' Court must be free of any subterfuge

to do indirectly what cannot be done directly and in the absence of any agreement, express or implied, between the architect and said court.

From the foregoing statements, it is apparent that we cannot categorically answer your question, the correct answer to which depends upon the actual facts, and these we do not know. If the employment is a subterfuge and an attempt to evade Articles 432 and 433, supra, then it would be unlawful and condemned by Article 434, supra. If otherwise, it would not be unlawful.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:LM

APPROVED MAR 8, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROV
OPINIC